IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,392-01




EX PARTE BRADLEY DAUEL FITZGERALD, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. A-36,415 IN THE 70TH DISTRICT COURT
FROM ECTOR COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to seventy-five years’ imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Fitzgerald v. State, No. 11-10-00048-CR (Tex. App. – Eastland, February
29, 2012, pet. ref’d).
            Applicant contends, inter alia,


 that his trial counsel rendered ineffective assistance because
counsel failed to adequately consult or communicate with Applicant prior to trial, failed to conduct
an independent investigation, failed to secure favorable character witnesses, failed to introduce
favorable evidence including a letter and affidavit of non-prosecution from the complainant’s
mother, failed to impeach the State’s witnesses with prior inconsistent statements and pending
criminal charges, failed to object to the redaction of a DVD by the State, failed to make adequate
objections when the complainant’s mother testified as to the truthfulness of the complainant, and
failed to preserve error when the prosecutor mis-characterized evidence during opening statements
and closing arguments. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 15, 2013
Do not publish